## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DARVAL LEDET**                                                    **CIVIL ACTION**

**VERSUS**                                                         **NO. 23-7270**

**KEITH COOLEY, WARDEN**                            **SECTION "E"(5)**

### ORDER AND REASONS

Before the Court is a Report and Recommendation issued by the Magistrate Judge recommending Petitioner Darval Ledet's petition for federal habeas corpus relief be dismissed with prejudice.[1] Petitioner filed objections to portions of the Magistrate Judge's Report and Recommendation.[2] For the reasons that follow, the Court **ADOPTS** the Report and Recommendation as its own, and hereby **DISMISSES** Petitioner's petition for relief.

### BACKGROUND

### I.     Procedural Background

On December 18, 2018, a Jefferson Parish Grand Jury returned a true bill of information charging Petitioner with the following crimes: Count 1, attempted armed robbery of Daisha Patin with a firearm in violation of La. R.S. 14:27:64.3(B); Count 2, attempted second degree murder of Daisha Patin in violation of La. R.S. 14:27:30; Count 3, attempted armed robbery of Roy A. Cain with a firearm in violation of La. R.S. 14:64.3(B); Count 4, attempted second degree murder of Roy A. Cain in violation of La. R.S. 14:27:30; and Count 5, possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1.[3]

---

[1] R. Doc. 21.
[2] R. Doc. 22.
[3] R. Doc. 15-1, p. 14.

Petitioner pleaded not guilty at his arraignment.[4] The preliminary examination was continued without date.[5] Petitioner requested the appointment of counsel on December 21, 2018, and counsel was appointed January 8, 2019.[6] On September 11, 2019, the District Attorney for Jefferson Parish, Louisiana ("The State") entered a plea offer on the record, and the Petitioner acknowledged he understood the plea offer and planned to discuss it with his attorney.[7] On September 12, 2019, the State amended the bill of information, and Petitioner withdrew his plea of not guilty and entered a plea of guilty in exchange for the State agreeing not to file a multiple-offender bill.[8] The Defendant was advised of his rights, and he executed a signed agreement that he understood he was waiving his rights.[9]

Petitioner was sentenced to imprisonment at hard labor for a term of 20 years on counts one and three, plus five years consecutive sentence on each count pursuant to the enhancement statute, La. R.S. 14:64.3(B), 25 years on count two, and 20 years on count five.[10] The sentences were to run concurrently and were without benefit of parole, probation, or suspension.[11] The court assessed petitioner with a fee of $1,250.

On December 7, 2020, Petitioner filed a Uniform Application for Post-Conviction Relief with the state district court raising claims of ineffective assistance of counsel.[12] The state district court denied his application for post-conviction relief without prejudice because the Petitioner never appealed his case.[13] The state district court construed the

---

[4] *Id.* at p. 5.
[5] *Id.*
[6] *Id.* at p. 21.
[7] *Id.* at p. 13.
[8] *Id.* at pp. 34-35.
[9] *Id.* at p. 38.
[10] *Id.* at p. 35.
[11] *Id.*
[12] *Id.* at pp. 48-50.
[13] *Id.* at p. 52.

application as an out-of-time appeal and granted it.[14]

On appeal, Petitioner's appointed counsel filed an *Anders* brief and certified that, after review of the trial court record, she could not find any non-frivolous issues to raise on appeal, noting that the record reflected Petitioner's voluntary waiver of his rights and entrance into the plea agreement.[15] Petitioner also submitted pro se his own issues on appeal: 1) the state coerced Petitioner into the plea agreement by giving him only 24 hours to accept the plea, 2) the court failed to inform the Petitioner during the court's acceptance of his plea that Petitioner would not be able to withdraw his plea agreement and that he had a right to plead not guilty, 3) the court erred in allowing a plea agreement without ensuring it was totally voluntary and that it was entered without false promises when Petitioner's attorney promised him he would not have to serve his entire sentence, 4) and Petitioner's attorney was ineffective for allowing Petitioner to enter an unintelligent plea agreement violating the prohibition against double jeopardy.[16]

In rejecting Petitioner's contentions, the Louisiana Fifth Circuit, applying *Anders*, independently reviewed the record and agreed with counsel that there were no non-frivolous issues to be raised on appeal.[17] The court asserted that because the Petitioner pleaded guilty, he acknowledged the factual basis underlying the plea was correct, he was properly charged and sentenced, and there were no appealable issues regarding his presence because he appeared at all essential stages of the proceedings.[18] The court also found that because Petitioner pleaded guilty, he waived non-jurisdictional defects in the proceedings leading up to the guilty plea:"[a] guilty plea is only constitutionally infirm if

---

[14] *Id.*
[15] *Id.* at pp. 94-102; *Anders v. California*, 386 U.S. 738 (1967).
[16] R. Doc. 15-1 at pp. 128-30.
[17] *Id.* at p. 148.
[18] *Id.* at p. 149.

3

it isn't freely or voluntarily entered, if the *Boykin* colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes is a plea bargain and the bargain is not kept."[19]

With respect to the pro se assignments of error, the court found there was no constitutional infirmity. First, petitioner was informed of his rights and subsequently gave up his rights by entering the plea agreement.[20] Second, the court found sufficient evidence on the record to address his ineffectiveness of counsel claim and found that, because Petitioner was present at hearings required by law, even though his presence was waived at certain status conferences, his arguments regarding ineffective assistance of counsel lacked merit under *Strickland v. Washington*.[21] Third, the court recognized that Petitioner's third claim of ineffective assistance of counsel was better left for postconviction proceedings when an evidentiary hearing could be held regarding evidence outside the court record on appeal.[22] Fourth, the court found that Petitioner failed to brief his double jeopardy argument and thus abandoned the argument on appeal.[23] The Louisiana Fifth Circuit thus affirmed Petitioner's conviction and sentence.[24] Petitioner did not petition the Louisiana Supreme Court for review.

On April 8, 2021, Petitioner filed a second application for post-conviction relief in the state district court.[25] After the court granted repeated extensions for time to respond, the State filed a response in opposition.[26] Petitioner alleged six grounds for relief:

1. Ineffective assistance of counsel because counsel spent less than five

---

[19] *Id.* at p. 150.
[20] *Id.* at pp. 155-59.
[21] *Id.* at p. 159; 466 U.S. 668 (1984).
[22] R. Doc. 15-1, pp. 161-62.
[23] *Id.* at p. 162.
[24] *Id.* at p. 144.
[25] *Id.* at p. 339, 346.
[26] *Id.* at p. 465.

total hours speaking with him about his case.

2. Ineffective assistance of counsel for "failing to offer any meaningful adversarial challenge when counsel neglected to file any motions that would question the evidence of the prosecution's case against the Petitioner."

3. Ineffective assistance of counsel for "failing to conduct appropriate investigations, both factual and legal, to determine if matters of defense can be developed [and falling] short of providing minimally competent professional representation," particularly with respect to the DNA evidence.

4. Ineffective assistance of counsel for "failing to request documents pertinent to the comparison and results of . . . DNA retrieved from . . . [the] weapon."

5. Ineffective assistance of counsel for "failing to investigate why only two swab boxes containing one reference buccal swab each was tested for comparison . . . when two swab boxes with a total of three reference buccal swabs were taken from petitioner."

6. Ineffective assistance of counsel for "adamantly advising Petitioner to plead guilty despite Petitioner's repeated objections to doing so."[27]

On December 6, 2021, the state trial court issued its order denying Petitioner's application for post-conviction relief.[28]

On December 29, 2021, Petitioner filed with the state trial court a Notice of Intent to seek writs to challenge the state trial court's December 6, 2021 order denying Petitioner's application for post-conviction relief.[29] The state trial court set a return date of March 4, 2022.[30] Petitioner filed a writ application with the Louisiana Fifth Circuit, challenging the state trial court's denial of his application for post-conviction relief.[31] On February 15, 2022, the Louisiana Fifth Circuit, after considering the merits and determining Petitioner was not entitled to the relief sought, denied the writ.[32] Petitioner then filed an application for a supervisory writ with the Louisiana Supreme Court, which

---

[27] *Id.* at pp. 347-50.
[28] *Id.* at pp. 518-19.
[29] *Id.* at p. 530.
[30] *Id.* at p. 552.
[31] *Id.* at pp. 559-88.
[32] *State v. Ledet*, No. 22-KH-38 (La. Ct. App. 5th Cir. Feb. 15, 2022) (unpublished writ disposition). R. Doc. 15-1, p. 659.

was denied on January 18, 2023 on the basis that Petitioner "fail[ed] to show that he was denied effective assistance of counsel during plea negotiations under the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, L.Ed.2d 674 (1984)."[33]

On June 18, 2023,[34] Petitioner filed, in this Court, a petition for a writ of habeas corpus under 28 U.S.C. § 2254.[35] On February 6, 2024, the State filed a response to the petition for writ of habeas corpus.[36] Petitioner filed a traverse.[37]

Petitioner seeks habeas corpus relief under 28 U.S.C. § 2254, asserting ineffective assistance of counsel claims in the context of his guilty plea because (1) his counsel failed to investigate and failed to file a motion to suppress the DNA sample that Petitioner alleges was mislabeled on the basis that the chain of custody was tampered with, (2) counsel failed to ensure the motion for disclosure of impeachment evidence was heard in court, (3) and his counsel pressured him into pleading guilty.[38]

Upon review of the record, the Magistrate Judge determined this matter could be disposed of without an evidentiary hearing.[39] On June 10, 2024, the Magistrate Judge issued a Report and Recommendation finding each of Petitioner's claims to be without merit and recommending the petition be dismissed with prejudice.[40] On July 1, 2024, Petitioner's Objections to the Report and Recommendation were filed into the record.[41]

---

[33] *State v. Ledet*, 353 So. 3d 127 (La. 2023); R. Doc. 15-1, p. 689.
[34] "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." *Roberts v. Cockrell*, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner signed his petition and certified that he placed it in the prison mailing system on June 18, 2023. R. Doc. 1, p. 14.
[35] R. Doc. 1.
[36] R. Doc. 14.
[37] R. Doc. 20.
[38] *See* R. Doc. 1, p. 15-16. The Magistrate Judge properly notes that Petitioner failed to exhaust his claim for ineffective assistance of counsel that counsel improperly waived his presence at court hearings. While raised on direct appeal, the claim was not presented to the Louisiana Supreme Court nor in his application for post-conviction relief. R. Doc. 21, p. 7.
[39] R. Doc. 21.
[40] *Id*. at p. 27.
[41] R. Doc. 22.

## **STANDARD OF REVIEW**

In reviewing the Magistrate Judge's Report and Recommendation, the Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected.[42] As to the portions of the report that are not objected to, the Court needs only to review those portions to determine whether they are clearly erroneous or contrary to law.[43]

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state court's purely factual determinations are presumed to be correct, and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[44] A federal court must defer to the decision of the state court on the merits of a pure question of law or a mixed question of law and fact unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[45] A state court's decision is contrary to clearly established federal law if: "(1) the state court applies a rule that contradicts the governing law announced in Supreme Court cases, or (2) the state court decides a case differently than the Supreme Court did on a set of materially indistinguishable facts."[46]

The AEDPA requires that a federal court "accord the state trial court substantial deference."[47] However, the AEDPA's deferential standards of review apply only to claims

---

[42] *See* 28 U.S.C. § 636(b)(1) ("[A] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.").
[43] *Id.*
[44] 28 U.S.C. § 2254(d)(2).
[45] *Id.* § 2254(d)(1).
[46] *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).
[47] *Brumfield v. Cain*, 576 U.S. 305 (2015).

adjudicated on the merits by the state courts.[48] For unexhausted claims that were not considered on the merits in the state courts, the pre-AEDPA standard of review applies.[49]

## LAW AND ANALYSIS

Petitioner generally objects to the Magistrate Judge's findings that he did not establish he had ineffective assistance of counsel under *Strickland v. Washington* and the AEDPA.[50] Petitioner argues first that his trial counsel failed "to adequately investigate, identify, and motion to suppress the State's erroneous admission of material evidence," which was a deficient performance below the standard of a competent attorney and prejudiced Petitioner through coercing him into entering the plea agreement.[51] More specifically, he argues the Magistrate Judge erred in finding there was no basis to suppress the DNA evidence based on the chain of custody issue, which relates to Petitioner's failure to investigate claim, resulting in his entering the plea agreement.[52] Petitioner argues second that the Magistrate Judge erred in finding there was no direct violation of the Louisiana rules of evidence, severely prejudicing Petitioner, as it was a "highly significant factor in the petitioner's conviction."[53] Petitioner argues that, "but for constitutional error, no reasonable factfinder would have found Ledet guilty of the underlying offense."[54] Petitioner requests this Court grant his habeas petition, or alternatively, order an evidentiary hearing.[55]

---

[48] 28 U.S.C. § 2254(d); *Henderson v. Cockrell*, 333 F.3d 592, 597 (5th Cir. 2003).
[49] *Id.* at 598 (citing *Jones v. Jones*, 163 F.3d 285, 299-300 (5th Cir. 1998) (applying de novo standard of review to ineffective assistance of counsel claims that were raised in state court, but not adjudicated on the merits)); *see also Carty v. Thaler*, 583 F.3d 244, 253 (5th Cir. 2009).
[50] 466 U.S. 668 (1984); 28 U.S.C. § 2254.
[51] R. Doc. 22, p. 1.
[52] *Id.* at p. 3.
[53] *Id.* at pp. 2-3.
[54] *Id.* at p. 5.
[55] *Id.* at p. 6.

I. **Petitioner is not entitled to relief on his ineffective assistance of counsel claims that counsel failed to investigate, identify, and move to suppress the State's DNA evidence, which he says forced him to enter the plea agreement.**

Petitioner's first objections are based on counsel's general performance in the context of his guilty plea because he alleges that counsel advised Petitioner to accept the plea agreement without sufficiently investigating or pursuing his case.[56] Petitioner generally reargues to this Court the same points on his ineffectiveness of counsel claims that he asserted to the Magistrate Judge.[57] Petitioner argues that counsel was ineffective for failing to investigate his case, failing to identify inadmissible evidence, and failing to move to suppress the allegedly faulty DNA evidence.[58] Altogether, Petitioner alleges that these failures were unreasonable, and they prejudiced Petitioner because "no reasonable factfinder would have found [Petitioner] guilty of the underlying offense.[59]

Under 28 U.S.C. § 2254(e)(1), the state court's findings of fact are entitled to a presumption of correctness, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. Under AEDPA, federal courts may not grant habeas relief unless the relevant state-court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[60] "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold."[61] AEDPA also requires federal courts to presume the correctness of the state courts' factual findings unless the federal habeas

---

[56] *Id.* at p. 1.
[57] R. Doc. 21, pp. 10-12.
[58] R. Doc. 22, pp. 1-4.
[59] R. Doc. 22, p. 5.
[60] 28 U.S.C. § 2254(d)(2).
[61] *Schriro v. Landrigan*, 550 U.S. 465, 473–74 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

petitioner rebuts this presumption of correctness with "clear and convincing evidence."[62]

In *Strickland v. Washington*, the Supreme Court established a two-pronged test for evaluating claims of ineffective assistance of counsel. Specifically, a petitioner seeking relief must demonstrate *both*: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced his defense.[63] A petitioner bears the burden of proof on such a claim and "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective."[64] "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."[65]

To prevail on the deficiency prong of the *Strickland* test, a petitioner must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment.[66] "Counsel's performance is deficient if it falls below an objective standard of reasonableness."[67] Analysis of counsel's performance must consider the reasonableness of counsel's actions in light of all the circumstances.[68] "[I]t is necessary to 'judge . . . counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'"[69] A petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation.[70]

---

[62] *Id.* at 473–74 (quoting 28 U.S.C. § 2254(e)(1)).
[63] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).
[64] *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1993); *see also Clark v. Johnson*, 227 F.3d 273, 284 (5th Cir. 2000).
[65] *Strickland*, 466 U.S. at 689.
[66] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).
[67] *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998).
[68] *See Strickland*, 466 U.S. at 689.
[69] *Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993) (quoting *Strickland*, 466 U.S. at 690).
[70] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th

To prevail on the prejudice prong of the *Strickland* test, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[71] In this context, a reasonable probability is "a probability sufficient to undermine confidence in the outcome."[72] In making a determination as to whether prejudice occurred, courts must review the record to determine "the relative role that the alleged trial errors played in the total context of [the] trial."[73] If a court finds that a petitioner has made an insufficient showing as to either of the two prongs of inquiry—deficient performance or actual prejudice—it may dispose of the ineffective assistance claim without addressing the other prong.[74]

For purposes of federal habeas review, the issue of ineffective assistance of counsel presents a mixed question of law and fact.[75] As such, the question is whether the state court's denial of relief was contrary to or an unreasonable application of United States Supreme Court precedent, namely *Strickland*.[76] "The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly [deferential]."[77] The Supreme Court has stressed, in no uncertain terms, that "a federal court may grant relief only if every "'fairminded juris[t]'" would agree that every reasonable lawyer would have made a different decision.[78]

Each of the Petitioner's ineffectiveness claims was rejected on the merits by the state courts on postconviction review. The Magistrate Judge recognized that Petitioner

---

Cir. 1985).
[71] *Strickland*, 466 U.S. at 694.
[72] *Id.*
[73] *Crockett*, 796 F.2d at 793.
[74] *Strickland*, 466 U.S. at 697.
[75] *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994).
[76] *Murphy v. Johnson*, 205 F.3d 809, 813 (5th Cir. 2000).
[77] *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (internal citations omitted).
[78] *Dunn v. Reeves*, 594 U.S. 731 (2021) (citing *Richter*, 562 U.S. at 101).

had pursued these arguments in the state courts, who all found that Petitioner failed to show that counsel rendered a deficient performance under *Strickland* such that there was a reasonable probability that, but for counsel's errors, Petitioner would have gone to trial and not accepted the guilty plea.[79] The Magistrate Judge reviewed the claims as presenting mixed questions of law and fact, which would entitle Petitioner for relief only if he showed that the state court's denial of his claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[80]

Petitioner attempts to connect his individual ineffectiveness claims to his larger argument that counsel failed to give him sound advice at the plea agreement stage.[81] The Magistrate Judge found that Petitioner was not entitled to relief under these claims because the state courts adequately assessed Petitioner's claims under *Strickland*, finding there was insufficient evidence that, but for errors of counsel, Petitioner would have rejected the plea agreement and gone to trial.[82]  The Court considers each of the claims in turn.

### A. Petitioner is not entitled to relief on his failure to "identify and investigate" and failure to move to suppress the DNA evidence claims.

The majority of Petitioner's ineffectiveness claims in his habeas petition surround his argument that according to the DNA reports, "three reference DNA samples had been taken from Mr. Ledet but only two reference samples had been submitted."[83] Further, he argues the scientific custodian identified in the chain of custody documents was identified

---

[79] R. Doc. 22 at pp. 2–3.
[80] R. Doc. 21, p. 12; 28 U.S.C. §2254(d)(1); *Adekeye v. Davis*, 938 F.3d 678, 682 (5th Cir. 2019).
[81] R. Doc. 22, p. 1.
[82] R. Doc. 21, pp. 10-12.
[83] R. Doc. 1, pp. 15-16.

as "an expert in firearms and tool mark examination therefore having no reason to possess a DNA sample."[84] Petitioner argues that, as a result, the evidence envelopes were mislabeled or tampered with in some fashion.[85] Petitioner also argues this faulty chain of custody of the DNA evidence suggests the evidence was tampered with and would have precluded him from being linked to the crimes, as he claims it was the only evidence linking Petitioner to them.[86]

Petitioner argues counsel's failure to investigate the "discrepancies between the chain of custody and the firearm examiner's scientific analysis report" resulted in "unprofessional errors" which forced him to plead guilty.[87] He reasons that, because counsel did not address these discrepancies via his motion practice, he was ineffective in his representation of Petitioner because, if a motion to suppress had been filed, it "would almost assuredly [have] precluded his conviction."[88] Petitioner argues that although he instructed counsel to file a motion for disclosure of impeachment evidence with the court, counsel failed to ensure a preliminary hearing and a hearing on the impeachment evidence would be heard, depriving Petitioner from "an opportunity to adversarially test the prosecution's case."[89]

The Magistrate Judge rejected these arguments and reasoned that Petitioner's claims are "predicated on [his] purely theoretical contention that the faulty chain of evidence would preclude admission of the evidence at trial."[90] The Magistrate Judge also noted that, in the state courts, the State verified the DNA evidence chain of custody

---

[84] *Id.*
[85] R. Doc. 1-2, pp. 8-9.
[86] *See id.* at p. 7.
[87] *See* R. Doc. 1, p. 15.
[88] *See* R. Doc. 1-2, p. 9.
[89] R. Doc. 1-2, p. 11.
[90] R. Doc. 21, p. 19.

through providing documentation, crime reports, and lab notes, refuting Petitioner's claims.[91] Because the state court recognized that Petitioner's contentions were "speculatory and conclusory at best," the Magistrate Judge adopted the state court's factual determinations that Petitioner had not shown any flaw within the DNA evidence chain of custody.[92]

Additionally, the Magistrate Judge determined that Petitioner did not show that "a more thorough investigation [by counsel] would in fact have revealed additional evidence beneficial to the defense" because Petitioner did not point to any evidence that counsel failed to uncover.[93] The Magistrate Judge found that because Petitioner argues only that the State's evidence was weak and counsel gave him bad advice by advising him to accept the guilty plea, these allegations were not sufficient to show that counsel failed to properly investigate Petitioner's case.[94] The Magistrate Judge reasoned that:

> [T]he focus here is the entry of a guilty plea, not trial. Furthermore, as the State points out, chain of custody issues generally impact the weight of the evidence at trial, rather than admissibility.[95] Counsel is not constitutionally ineffective for failing to make futile motions.[96]

The Magistrate Judge recognized that the state courts rejected Petitioner's claim that his counsel was deficient for failing to file a motion to suppress the DNA evidence.[97] The Magistrate Judge similarly concluded that Petitioner had not identified a valid basis to suppress the DNA evidence, and, as a result, counsel's failure to seek suppression of

---

[91] R. Doc. 21, pp. 20-21.

[92] *Id.* at p. 21.

[93] R. Doc. 21, p. 15 (citing *Diaz v. Quarterman*, 239 F. App'x 886, 890 (5th Cir. 2007)).

[94] *Id.*

[95] *See, e.g.*, *Dixon v. Hooper*, No. CV 23-374, 2023 WL 6457213 (E.D. La. Sept. 19, 2023), *report and recommendation adopted*, No. CV 23-374, 2023 WL 6442774 (E.D. La. Oct. 3, 2023), *certificate of appealability denied*, No. 23-30715, 2024 WL 1508835 (5th Cir. Jan. 5, 2024), *cert. denied*, No. 23-7157, 2024 WL 2116468 (U.S. May 13, 2024).

[96] *Miller v. Thaler*, 714 F.3d 897, 904 n. 6 (5th Cir. 2013) (citing *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990)).

[97] *Id.* at p. 18.

that evidence was not ineffective.[98] Furthermore, because Petitioner is contesting the circumstances that resulted in his guilty plea, and he admits that he discussed the chain of custody issues with his counsel, this information was likely factored into plea discussions and motion strategy and does not demonstrate ineffective assistance of counsel.[99]

Petitioner reiterates the above arguments in his objections to the Magistrate Judge's findings: that trial counsel failed to investigate his case, prejudicing the outcome of the case. Petitioner objects to the Magistrate Judge's Report and Recommendation regarding the DNA evidence and chain of custody, arguing that "this Magistrate's report that Ledet identified no basis to suppress the DNA evidence based on a chain-of-custody issue is contrary to the record and evidence."[100] He argues that the crime scene reports and chain-of-custody form prove that the DNA evidence "never existed prior to reaching the lab."[101] He argues that because counsel did not investigate the alleged discrepancy with the chain of custody, the scientist who was an expert witness, and the faulty evidence, counsel's actions prejudiced Petitioner, as "no other facts in the record could have convicted Ledet of the crime."[102] Further, Petitioner argues the revelation of the faulty chain of custody "would have led counsel to change his recommendation as to the plea in light of lack of any other evidence."[103]

The Court agrees with the Magistrate Judge's conclusions. Petitioner has not

---

[98] *Id.*
[99] *Id.* at pp. 21-22.
[100] R. Doc. 22, p. 3.
[101] *Id.*
[102] *Id.* at p. 3-4. The state courts also rejected the claim that the DNA evidence was the only evidence connecting Petitioner to the offense: one victim identified Petitioner as having the same facial features as the offender and both victims identified Petitioner's firearm and vehicle as those from the robbery. R. Doc. 15-1, pp. 660-62.
[103] R. Doc. 22, p. 4.

identified any evidence that counsel's investigation failed to uncover.[104] Chain of custody issues go to the weight of the evidence, not the admissibility of the evidence. Further, the Court finds that the State provided sufficient explanation as to the validity of the DNA evidence chain of custody, of which the state courts approved. The Court adopts the Magistrate Judge and the state court's findings that there is no identifiable issue with the DNA evidence chain of custody, counsel was not ineffective in not filing a motion to suppress the DNA evidence, and counsel was not ineffective in his investigative decisions.

### B. Petitioner is not entitled to relief on his objection under the Louisiana Evidence Code.

Connected to the Petitioner's arguments regarding the DNA evidence and chain of custody, Petitioner objects to the Magistrate Judge's finding that Petitioner "identified no basis to suppress the DNA evidence based on a chain-of-custody issue."[105] Petitioner argues he was "denied the balance or impartiality of a court proceeding that is essential to due process" when the Magistrate Judge stated "[n]or will the Court engage in an extraneous discussion as to the applicability of state evidentiary rules of admissibility cited by Ledet, to the extent he argues inadmissibility under state law."[106]

In the Report and Recommendation, the Magistrate Judge commented on the Louisiana Rules of Evidence, stating "for the sake of argument, . . . the question raised by Ledet is simply whether any motion should have been filed and pursued by defense counsel to exclude the evidence at trial . . ."[107] Petitioner does not make further argument as to the Magistrate Judge's disregard of his evidentiary arguments other than stating that

---

[104] *See Diaz v. Quarterman*, 239 F. App'x 886, 890 (5th Cir. 2007) ("A petitioner cannot show prejudice with respect to a claim that counsel failed to investigate and present mitigating evidence without adducing what the investigation would have shown.").
[105] R. Doc. 22, p. 3.
[106] *Id.*
[107] R. Doc. 21, p. 19, n. 37.

this evidentiary error is the type that would support that a petitioner was deprived of "fundamental fairness" and due process.[108]

As established above, the Court agrees with the Magistrate Judge's determination that Petitioner has not shown the DNA evidence chain of custody presents an evidentiary error under the Louisiana Rules of Evidence because chain of custody issues do not affect the admissibility of the evidence. Petitioner has not alleged any other evidentiary issues that took place prior to his entrance into the plea agreement. Petitioner and counsel were in possession of the chain of custody documents and discussed Petitioner's view of the issues prior to accepting the plea agreement. Petitioner has not shown that the alleged evidentiary issues rendered his assistance of counsel ineffective in his decision to accept the guilty plea rather than proceeding to trial. Accordingly, Petitioner has not shown that the state court's findings as such were contrary to or an unreasonable application of clearly established federal law. Petitioner's objection to the Magistrate Judge's findings as to state evidentiary rules lacks merit.

## CONCLUSION

The Court finds no merit in Petitioner's objections addressed above. The Petitioner has failed to specifically object to the remaining findings of the Magistrate Judge, so the Court reviews them under a clearly erroneous or contrary to law standard. The findings are not clearly erroneous or contrary to law.

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation[109] as its own and hereby **DENIES** Petitioner's application for relief.

**IT IS ORDERED** that the above-captioned matter be **DISMISSED WITH**

---

[108] R. Doc. 22, p. 3.
[109] R. Doc. 21.

**PREJUDICE**.

      **New Orleans, Louisiana, on this 4th day of October, 2024.**

                              **SUSIE MORGAN**
                **UNITED STATES DISTRICT JUDGE**